UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

CLARKSON S. FISHER FEDERAL BUILDING
UNITED STATES COURTHOUSE
402 EAST STATE STREET
TRENTON, NEW JERSEY 08608

KATHRYN C. FERGUSON, USBJ                                                 (609) 989-0494

November 24, 2010

Penelope M. Taylor, Esquire
Brian L. Baker, Esquire
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

Barry W. Frost, Esquire
Teich Groh
691 State Highway 33
Trenton, New Jersey 08619

Re:    Solomon Dwek
Case No. 07-11757

Charles A. Stanziale, Jr. vs. Joseph Kohen
Adversary No. 08-2205

Evelyn Safdieh Deposition

Counselors:

The trustee (plaintiff) seeks leave of the court to introduce into the record several

designations from the deposition of non-party Ms. Evelyn Safdieh on the basis that Ms. Safdieh

is an unavailable witness under Federal Rule of Civil Procedure 32(a)(4).  The defendant

opposes the motion because the information sought to be introduced is hearsay.  The process

server provided an affidavit to the court, explaining that he attempted to serve the witness on six

November 24, 2010
Page Two

separate occasions: 10/22/10 at 7:30 a.m., 10/23/10 at 8:35 p.m., 10/25/10 at 6:45 p.m., 10/26/10

at 6:05 p.m., 10/28/10 at 6:23 p.m., and 11/2/10 at 10:43 a.m.  The trial was scheduled to

commence on November 1, 2010.

     The use of deposition in adversary proceedings is governed by Federal Rule of

Bankruptcy 7032, which directs that Federal Rule of Civil Procedure 32 applies in adversary

proceedings.  If a witness is unavailable, "[a] party may use for any purpose the deposition of a

witness whether or not a party, if the court finds: (D) that the party offering the deposition could

not procure the witness's attendance by subpoena."  Fed. R. Civ. P. 32(a)(4)(D).  This is the

provision under which the Trustee requests the court to admit the designations from the prior

deposition of the witness.  "Implicit in this rule is an obligation to use reasonable diligence to

secure the witness's presence, and the district court has broad discretion to determine whether the

proponent has satisfied this requirement." Thomas v. Cook County Sheriff's Dep't, 588 F.3d 445,

458 (7th Cir. 2009)(citing Griman v. Makousky, 76 F.3d 151, 154 (7th Cir. 1996)).  "The burden

of showing the witness's unavailability… rests with the party seeking to introduce the

deposition." Collins v. Omega Flex, Inc., 2010 U.S. Dist. LEXIS 59182 (E.D. Pa. June 15,

2010)(citing Chao v. Tyson Foods, Inc., 255 F.R.D. 560, 561 (N.D. Ala. 2009) (quoting Jauch v.

Corley, 830 F.2d 47, 50 (5th Cir. 1987)).  In Collins, the court found that the mere assertion that

the witness was unavailable by the party seeking to introduce a prior deposition under Rule

32(a)(4)(D) was inadequate to show the witnesses unavailability.  Id.  This may be contrasted

with Thomas, where the party seeking to introduce testimony from a former deposition

successfully demonstrated a witnesses was unavailable by showing "[a]fter two subpoenas, a

November 24, 2010
Page Three

show cause order, numerous phone calls, and a search by a private investigator" the moving

party could not get the witness into court to testify.  <u>Thomas</u> at 458-459.

     The trustee attempted to serve the witness with a subpoena to appear by using a process

server on six different occasions.  The process server explained in his affidavit to the court that

"on all the attempts there was no answer, she [the witness] had her attorney call me [the process

server] asking me questions, but she would refuse to open the door.  I feel that the defendant is

evading service."  The witness in question, Ms. Evelyn Safdieh, is the mother-in-law of the

defendant in the instant adversary proceeding, Mr. Joseph Kohen.  Therefore, it is improbable

that the witness was unaware that her testimony was sought for trial.  This fact combined with

the inquiries from the witness's attorney to the process server makes it probable that the witness

was evading service by making herself unavailable.  The Trustee used reasonable diligence in

seeking to procure Ms. Safdieh's testimony at trial by attempting to serve her with a subpoena on

six separate occasions at different times of day.  Accordingly, the court grants the trustee's

motion to introduce into the record the requested designations from the deposition of Ms. Evelyn

Safdieh.


                                                ***/s/ Kathryn C. Ferguson***
                                              KATHRYN C. FERGUSON
                                              US Bankruptcy Judge